## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                    **Plaintiff**,

v.

BARRY CUMMINGS,

           **Defendant**.

Case No. 23-20069-01-DDC

## MEMORANDUM AND ORDER

Pro se[1] defendant Barry Cummings has filed a Motion to Vacate (Doc. 76) under 28 U.S.C. § 2255. The government filed a Response (Doc. 81). The court concludes that an evidentiary hearing is necessary. This Order explains that conclusion and charts a path forward to that hearing.

### I.     Background

Mr. Cummings reached a plea agreement with the government, Doc. 30, and pleaded guilty to one count of mail fraud, Doc. 28; Doc. 29. The court sentenced Mr. Cummings to a 15-month term of imprisonment and two years of supervised release. Doc. 45 at 2–3. Although the plea agreement contains an appeal waiver, Doc. 30 at 8, Mr. Cummings timely filed a Notice of Appeal, Doc. 48. As the Circuit put it, in those appellate proceedings, "Mr. Cummings' attorney filed a motion to voluntarily dismiss the appeal. The motion included a signed statement from

---

[1] People in prison "who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Cummings acknowledging his right to appeal and expressly electing to withdraw the appeal[.]"  Doc. 72 at 1.  The Circuit granted Mr. Cummings's motion, *id.*, and dismissed the appeal, Doc. 61 at 1.

Several weeks later, Mr. Cummings filed a second Notice of Appeal, this time pro se. Doc. 64.  The Circuit dismissed this second appeal, finding no jurisdiction to consider the successive appeal.  Doc. 72 at 2.  The Circuit "express[ed] no opinion" whether "Mr. Cummings may be able to obtain any relief under 28 U.S.C. § 2255."  *Id.*

Mr. Cummings then filed the Motion to Vacate (Doc. 76) that spurred this Order.  In it, he asserts that he wanted his retained trial counsel to handle the direct appeal, but counsel "demanded payment of $1,700 before proceeding" with the appeal and never told Mr. Cummings that he could receive appointed counsel or proceed without prepayment of fees.  *Id.* at 13.  He also alleges that his "counsel coerced or forced the withdrawal of the appeal, knowing that [Mr. Cummings] would be unable to pursue appeal absent payment."  *Id.*  The government filed a response brief.  Doc. 81.

The court now must decide how to proceed with Mr. Cummings's motion.

## II.    Analysis

The court, *first*, considers whether it must convene an evidentiary hearing on Mr. Cummings's motion.  Concluding it must, the court, *second*, takes up the issue whether Mr. Cummings deserves appointed counsel for this hearing.

### A.    Evidentiary Hearing

A district court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b).  "Generally, district courts should hold an evidentiary hearing when a petitioner alleges facts that would entitle him to relief if proved."  *United States v. Jenks*, No. 20-

2

4023, 2022 WL 1252366, at *4 (10th Cir. Apr. 28, 2022); *see also United States v. Herring*, 935 F.3d 1102, 1107 (10th Cir. 2019) (finding district court abused its discretion in declining to hold evidentiary hearing where petitioner alleged facts in § 2255 motion that "would entitle him to relief" if true). The court thus begins by determining whether Mr. Cummings's allegations—if true—would entitle him to relief. To spoil the ending: they would.

In his motion, Mr. Cummings asserts a claim based on ineffective assistance of counsel. Doc. 76 at 13. "To establish an ineffective-assistance-of-counsel claim, one must show both deficient performance and resultant prejudice to the defendant." *United States v. Babcock*, 40 F.4th 1172, 1176 (10th Cir. 2022) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The court addresses these two prongs in order, starting with deficient performance.

### 1.    Deficient Performance

The deficient-performance prong assesses whether counsel's representation fell "'below an objective standard of reasonableness.'" *Id.* at 1176–77 (quoting *Strickland*, 466 U.S. at 668). The court's review of counsel's performance is "highly deferential." *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011) (quotation cleaned up). The court presumes that counsel "'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment[.]'" *Id.* (quoting *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994)). The relevant inquiry isn't whether counsel failed "to raise or recognize a potential legal argument" but instead "whether the identified acts or omissions were outside the wide range of professionally competent assistance." *Babcock*, 40 F.4th at 1177 (quotation cleaned up). To that end, Mr. Cummings must show that counsel's performance was "'completely unreasonable, not merely wrong.'" *Hooks v. Workman*, 606 F.3d 715, 723 (10th Cir. 2010) (quoting *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999)).

3

Mr. Cummings's allegations—if true—describe representation that was "'completely unreasonable[.]'" *Id.* (quoting *Boyd*, 179 F.3d at 914). A "lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores–Ortega*, 528 U.S. 470, 477 (2000).[2]

Mr. Cummings alleges that he wished to appeal his conviction, but his counsel demanded that Mr. Cummings pay a retainer. *See* Doc. 76 at 13. And when Mr. Cummings couldn't muster that payment, his "counsel coerced or forced the withdrawal of the appeal, knowing that [Mr. Cummings] would be unable to pursue the appeal absent payment." *Id.* Plus, Mr. Cummings's motion explains that his counsel didn't explain that Mr. Cummings had a right to appointed counsel and that he could proceed in forma pauperis. *Id.* The court can't discern currently whether any of these allegations are true. But if Mr. Cummings's counsel "coerced or forced" him to dismiss his appeal, his counsel's performance fell "'below an objective standard of reasonableness.'" *Babcock*, 40 F.4th at 1176–77 (quoting *Strickland*, 466 U.S. at 668). The court thus progresses to the prejudice inquiry.

## 2.    Prejudice

Mr. Cummings's allegations also demonstrate prejudice. The bar to demonstrate prejudice here is lower than a typical ineffective-assistance-of-counsel claim. That's so because Mr. Cummings must show only that his counsel "frustrated" his ability to appeal. *Flores-Ortega*, 528 U.S. at 485. That is, Mr. Cummings needn't show that he has a meritorious issue to

---

[2]     The government contends that *Flores-Ortega* "has no application in this case" because—unlike in *Flores-Ortega*—Mr. Cummings's counsel filed a notice of appeal. Doc. 81 at 7 n.1. The court doesn't read *Flores-Ortega* so narrowly. True, counsel there failed to file a notice of appeal. 528 U.S. at 474. But the salient point was that counsel's deficient performance deprived the petitioner of "an appeal altogether." *Id.* at 483. Viewed in the light most favorable to Mr. Cummings, his allegations suggest that his counsel's conduct had the same effect. The court thus rejects the government's confined view of *Flores-Ortega*.

appeal.  If a defendant can establish that ineffective assistance of counsel prevented him from appealing his conviction, "he will be entitled to a delayed appeal" "regardless of whether, from the limited perspective of collateral review, it appears that the appeal will not have any merit." *United States v. Garrett*, 402 F.3d 1262, 1267 (10th Cir. 2005) (first citing *United States v. Snitz*, 342 F.3d 1154, 1155–56 (10th Cir. 2003); and then citing *Flores-Ortega*, 528 U.S. at 484–85). "Those whose right to an appeal has been frustrated should be treated exactly like any other appellant and thus, the would-be appellant should not have to satisfy a special threshold requirement to specify the points he would raise were his right to appeal reinstated." *Snitz*, 342 F.3d at 1156 (quotation cleaned up).[3]

Here, Mr. Cummings easily clears this bar.  If his counsel coerced him into withdrawing his appeal—and again, the court currently has no way to know whether he did so—then his counsel's representation effectively deprived Mr. Cummings of "an appeal altogether." *Flores-Ortega*, 528 U.S. at 483.  And our Circuit has ruled that the appeal waiver in a plea agreement is irrelevant to this prejudice inquiry.  *See Garrett*, 402 F.3d at 1266 n.5, 1267–68 (remanding § 2255 motion for evidentiary hearing even though petitioner's plea agreement contained an appeal waiver because, though petitioner's "appellate rights ha[d] been significantly limited by his waiver . . . the waiver does not foreclose all appellate review of his sentence").

---

[3]    The government asserts just the opposite, contending that Mr. Cummings "must show not only that he lost the right to appeal due to deficient performance of his counsel, but that he also lost the right to appeal a meritorious issue[.]"  Doc. 81 at 12.  To be sure, if Mr. Cummings were alleging a generic claim for ineffective assistance of appellate counsel, he would need to identify and explain the meritorious issue his counsel failed to raise.  *See Fairchild v. Trammell*, 784 F.3d 702, 715 (10th Cir. 2015) ("To prevail on a claim of ineffective assistance of appellate counsel, a defendant must establish that counsel was objectively unreasonable in failing to raise or properly present a claim on direct appeal, and that there is a reasonable probability that, but for this unreasonable failure, the claim would have resulted in relief on direct appeal."); *see also Miller v. Mullin*, 354 F.3d 1288, 1298 (10th Cir. 2004) ("In order to evaluate appellate counsel's performance, we look to the merits of the omitted issue." (quotation cleaned up)).  But because Mr. Cummings alleges that his counsel completely frustrated his appeal, the court concludes it should evaluate Mr. Cummings's claim under the *Flores-Ortega* rubric.

The court thus concludes that Mr. Cummings has alleged facts that—if true—would entitle him to relief. Accordingly, the court concludes that it must hold an evidentiary hearing to develop a factual record on the veracity of Mr. Cummings's assertions. This conclusion has other consequences—starting with Mr. Cummings's right to appointed counsel for the evidentiary hearing. The court takes up this issue, next.

### B.    Appointed Counsel

Generally, a defendant has no right to the assistance of counsel on a collateral attack. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Instead, the court may appoint counsel for a "financially eligible person" "seeking relief under section . . . 2255 of title 28" if "the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2)(B). But, "[i]f an evidentiary hearing is warranted, the judge *must* appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Rule 8(c) of the Rules Governing Section 2255 Proceedings (emphasis added). Rule 8(c), the Tenth Circuit has held, requires the court to appoint counsel when it determines a hearing is necessary in a § 2255 case. *See Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 334 (10th Cir. 1994) ("If the district court determines a hearing is required, it must appoint counsel."); *see also United States v. Lewis*, 21 F. App'x 843, 845 (10th Cir. 2001) (holding "that a violation of Rule 8(c) requires automatic reversal"). Thus, if a § 2255 defendant is "financially eligible" under § 3006A, and the court has determined a hearing is required, the court must appoint counsel.

The court has determined that an evidentiary hearing is warranted. Mr. Cummings thus is entitled to appointed counsel if he qualifies under 18 U.S.C. § 3006A. "The standard for eligibility for section 3006A appointment is not indigence, but rather whether the party is financially unable to obtain counsel." *United States v. Osuna*, 141 F.3d 1412, 1414 (10th Cir. 1998) (quotation cleaned up). The court can't determine on the current record whether Mr.

6

Cummings is financially eligible under § 3006A.  The court thus directs Mr. Cummings to submit an updated financial affidavit within 30 days of this Order if he wishes for the court to appoint him counsel for the evidentiary hearing.  The court directs the government to facilitate this submission by providing Mr. Cummings with a financial affidavit form and pre-paid postage.  The court also directs the government to collect information about the process and timeline for returning Mr. Cummings to this judicial district for the evidentiary hearing.  The government must submit a status report about this timeline within 14 days of this Order.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the court will hold an evidentiary hearing on defendant Barry Cummings's Motion to Vacate (Doc. 76) at a date to be determined.

**IT IS FURTHER ORDERED THAT** Mr. Cummings submit an updated financial affidavit within 30 days of this Order if he wishes for the court to appoint him counsel for the evidentiary hearing.

**IT IS FURTHER ORDERED THAT** the government collect information about the timeline for returning Mr. Cummings to this judicial district for the evidentiary hearing.  The court orders the government to submit a status report about this timeline within 14 days of this Order.

**IT IS SO ORDERED.**

**Dated this 14th day of November, 2025, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**