IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 23-20069-01-DDC |
| v. | |
| BARRY CUMMINGS (01), | |
| Defendant. | |

### MEMORANDUM AND ORDER

Defendant Barry Cummings, proceeding pro se, filed a Motion to Vacate (Doc. 76) under 28 U.S.C. § 2255. Mr. Cummings brings this collateral attack on his conviction because, he asserts, his appellate counsel coerced him to dismiss his appeal when counsel discovered that Mr. Cummings couldn't afford to pay counsel's appellate fee. Concluding Mr. Cummings deserved relief if his allegations were true, the court set the matter for an evidentiary hearing. Doc. 83 at 7.

The government then filed an unusual motion. Though the government previously opposed Mr. Cumming's motion, Doc. 81 at 1, the government now asserts that the court should grant it, Doc. 84 at 1. The government asks the court to skip the evidentiary hearing, vacate the judgment, and reinstate it to permit Mr. Cummings to appeal his conviction. *Id.* at 5–6. In the government's view, any evidentiary hearing "would necessarily leave substantial uncertainty" about "what truly transpired" between Mr. Cummings and his counsel. *Id.* at 5. So, "the most sure course here is to simply grant Defendant's motion, vacate Defendant's judgment, and then reinstate it so that he can file whatever appeal" he wants. *Id.* at 5–6.

The court doesn't hold such a dim view of evidentiary hearings, nor its own ability to engage in fact finding.  Nonetheless, because the government concedes that Mr. Cummings should receive the relief he seeks, the court grants it.  *See Zapata-Reyes v. United States*, No. 10-CR-314-F, 2013 WL 12145826, at *2 (D. Wyo. Feb. 6, 2013) (granting government's request to vacate and reinstate judgment in lieu of holding a contested evidentiary hearing about whether defendant instructed his counsel to file a notice of appeal).

To reinstate Mr. Cummings's right to direct appeal, the court vacates this case's Judgment (Doc. 45) and reinstates it, effective 14 days from the publication of this Order.  *See United States v. Snitz*, 342 F.3d 1154, 1159 (10th Cir. 2003) (directing "district court to vacate and reenter its judgment of conviction and sentence to allow defendant to file a timely appeal" where plaintiff's counsel had disregarded direction to file appeal); *United States v. Kelley*, 318 F. App'x 682, 688 (10th Cir. 2009) (same, where counsel failed to consult with defendant about an appeal).  The court directs the Federal Public Defender to identify a suitable attorney to represent Mr. Cummings.  *See* Doc. 71 at 2 (concluding that Mr. Cummings's filing from July 2025 demonstrates he is indigent); *United States v. Greenley*, No. 17-CR-10096-JTM, 2020 WL 4049893, at *3 (D. Kan. July 20, 2020) (appointing counsel for direct appeal after vacating and reinstating judgment).

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Judgment (Doc. 45), including the sentence, is vacated and reinstated, effective 14 days from the publication of this Order, to permit defendant Barry Cummings to restart the appeal process.

**IT IS FURTHER ORDERED THAT** the Federal Public Defender must identify a lawyer to represent Mr. Cummings for his direct appeal.

3

**IT IS FURTHER ORDERED THAT** defendant Barry Cummings's Motion to Vacate (Doc. 76) is granted.

**IT IS FURTHER ORDERED THAT** the government's Motion to Vacate and Reinstate Judgment (Doc. 84) is granted.

**IT IS SO ORDERED.**

**Dated this 26th day of November, 2025, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
